[No. 37935. Department One. December 30, 1965.]

BERNICE R. FISHER *et al.*, *Appellants*, v. WALTER N. LOFGREN *et al.*, *Respondents.*\*

*Lawrence Therriault* and *McMullen, Brooke, Knapp & Grenier*, by *Robert E. Brooke*, for appellants.

*Leo A. Anderson* and *Bruce Maines*, for respondents.

\*Reported in 409 P.2d 650.

PER CURIAM.—This is an appeal from a judgment of dismissal entered in a personal injury action after a verdict for the defendants. The jury also found, in response to a special interrogatory, that a proximate cause of the accident was the failure of the plaintiff wife to exercise ordinary care for her own safety. (The plaintiff husband sustained no injuries.)

No exception was taken to the submission of the special interrogatory, or to the trial court's instruction on contributory negligence,[1] nor is there any contention that the evidence would not support a finding of contributory negligence.

The assignments of error all have to do with claimed trial errors which, it is urged, handicapped the plaintiffs in proving the negligence of the defendants.

. For aught we know the jury may have found the defendants to be negligent on the evidence submitted and the instructions given, but it is certain that it found the plaintiff wife to be negligent, and that such negligence was a proximate cause of the accident which occasioned her injuries.

In the absence of any claim by the plaintiffs of willful or wanton misconduct on the part of the defendants, such a finding is conclusive of the litigation. In the present posture of this case, we have no choice but to affirm the judgment of dismissal.

*Reported in 410 P.2d 1.

---

[1]There was an exception to instruction No. 4, the contributory negligence instruction, but not because of anything said therein and solely because of a failure "to give the reason that the defendant affirmatively owes a duty of reasonable care to the plaintiff." No exception was taken to instruction No. 3 wherein the court did instruct on the defendants' duty to the plaintiff wife.